UNITED STATES DISTRICT COURT FOR
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| Cabinet D'Assurances Maghrebines | : | Civil Action |
| 12 rue El Oraibi Jilali | : | |
| Casablanca, Morocco | : | |
|      and | : | **EXPEDITED** |
| Fresh Fruit Maroc | : | |
| Agadir Morocco | : | |
|      and | : | |
| Maroc Fruit Board S.A. | : | |
| Morocco | : | |
|      and | : | |
| Fresh Fruit | : | |
| AGADIR, MOROCCO | : | |
|      and | : | |
| Domexport | : | |
| 5 Av De La Princesse Lalla Meriem Souissi | : | |
| Rabat Morocco | : | |
|      and | : | |
| Ste Vita Souss Starl | : | |
| BP 380, Sebt El Guerdane | : | |
| Taroudant | : | |
| Morocco | : | |
|      and | : | |
| Stat D'Emballage Kabbage Souss | : | |
| N° 325, Avenue Hassan II | : | |
| Agadir | : | |
| Morocco | : | |
|      and | : | |
| Cooperative Agrumar Souss | : | |
| Av. Brahim Erroudani, | : | |
| Z.I, B.P 1745, C.P . 86152 | : | |
| Ait Melloul – Agadir Morocco | : | |
|      and | : | |
| Priagrus | : | |
| Route De Biougra Q,I Parcelle N 242 | : | |
| Ait Melloul, Agadir, Morocco | : | |
|      and | : | |
| Cooperative Agricole Mbrouka | : | |
| Z.I. De Tassila Route De Marrakech | : | |
| BP 278 Agadir, Morocco | : | |
|      and | : | |
| Beni Mellal Citrus | : | |
| 46, Boulevard Zerktouni 2eme Etage App N°6 | : | |

Casablanca, Morocco                              :
                    and                          :
Citrus Farm Export                               :
N°214 Im Menzeh II Av. Far,                       :
Agadir Morocco                                   :
                    and                          :
Domaine Elboura                                  :
Bp: 259 Taroudant 83000                          :
Morocco                                          :
                    and                          :
Berkane S Board                                  :
Res Yacht Imm A Bd La Corniche Sidi               :
Mohammed Ben                                     :
Abdellah 6 Eme Etage                             :
Bureaux 159 Et 160 Casablanca                    :
Morocco                                          :
                    and                          :
Cooperative Copag                                :
Zone Industrielle Bp. 1001                       :
Ait Iaazza Taroudant Morocco                     :
                    and                          :
Delassus Sa                                      :
9 Avenue Khalid Bnou Loualid                     :
Ain Sebaa Casablanca 20250-                       :
Morocco                                          :
                    and                          :
Cap Agro                                         :
N B-3 Imm Jaafar Rue Mansour Dahbi                :
Gueliz Marrakech Morocco                         :
                              Plaintiffs   :
                    v.                           :
M/V BALTIC SPRING. Her engines,                   :
machinery, tackle, apparel, etc                  :
                    and                          :
BENFORD TRADING INC.                             :
c/o Baltic Reefers Ltd.                          :
Prospekt Malyy Sampsoniyevskiy 3A                :
St. Petersburg,                                  :
Russia, 198035                                   :
                    and                          :
BALTIC REEFERS CHARTERING  S.A.                  :
Global Bank Tower 18th Fl.                       :
Suite No 1801, 50th Street Panama City            :
                    and                          :
BALTIC REEFERS LTD.                              :

{00364129-1 }

Prospekt Malyy Sampsoniyevskiy 3A                                :
St. Petersburg,                                                             :
Russia, 198035                                                          :
            and                                              :
OST-WEST-HANDEL UND SCHIFFAHRT              :
Breitenweg 10-12,                                                      :
Bremen, Germany, 28195                                      :
            and                                              :
John Doe Carriers 1-9,                                            :
John Joe Corporations 1-9, and                           :
John Doe Non-Corporate Entities, 1-9                :
jointly and individually                                          :
                          Defendants.  :

## VERIFIED COMPLAINT IN ADMIRALTY
## IN REM AND IN PERSONAM

       Plaintiffs, by and through their undersigned attorneys, bring this civil action against

Defendants and upon information and belief aver as follows:

       1.      The Plaintiffs listed in the caption, and on the attached Exhibit "A", (hereinafter

collectively "Plaintiffs") bring this suit against Defendants under the provisions of 28 U.S.C.

Section 1333, as this is an admiralty and maritime claim within the meaning of Rule 9(h) of the

Federal Rules of Civil Procedure and the specific procedures of said Rules relative to admiralty

actions.

       2.      At all times hereinafter mentioned, Plaintiffs were and still are business entities

duly organized and existing under the law with offices and  places of business as set forth in the

caption.  The Plaintiffs, with the exception of  Plaintiff Cabinet D'Assurances Maghrebines

(hereinafter "CAM") are and were, at all material times, shippers, exporters and/or importers of

fruit, *inter alia.* and Plaintiff CAM was an insurer of  cargo shipped by or on behalf of the other

Plaintiffs.

       3.      Upon information and belief, at all times hereinafter mentioned, Defendant M/V

BALTIC SPRING (hereinafter "vessel") was and still is a vessel operated as a common and/or private carrier of goods in ocean transportation and upon information and belief, she was, is now, or will be during the pendency of this action, within this District and subject to the jurisdiction of this Honorable Court.

  4. Upon information and belief, at all times hereinafter mentioned, the Defendants named in the caption, Benford Trading Inc., Baltic Reefers Chartering S.A., Baltic Reefers Ltd. and Ost-West-Handel Und Schiffahrt were and still are business entities duly organized and existing under the law, with the address set forth in the caption.

  5. Defendants John Doe Carriers 1-9, John Doe Corporations 1-9, and John Doe Non-corporate Entities 1-9 are presently unknown individuals, corporations, or non-corporate entities (hereinafter collectively "John Doe Defendants") who was/were the owner(s), and/or disponent owner(s), and/or charterer(s), and/or manager(s), and/or operator(s) of the Vessel Defendants as identified in the Exhibits to the Complaint, and was/were engaged in the common and/or private had possession of the subject cargo and/or were Carriers of the subject cargo.

  6. Plaintiffs were and/or are the shippers, and/or consignors, and/or owners, and/or successors in title of the cargo described within, and/or the underwriters of the cargo, subrogated or to be subrogated, and they bring this action on their behalf and as agents and trustees on behalf of and for the interest of all parties who are, may be or become interested in said shipment, including the consignees referenced in Exhibits A and B, as their respective interests may ultimately appear, and Plaintiffs are entitled to maintain this action.

  7. Plaintiffs and all other parties in interest have duly performed all valid conditions precedent to the contracts of carriage on their part to be performed and all conditions precedent to Plaintiffs recovering under the bills of lading have occurred or have been performed by

Plaintiffs and/or their predecessors or successors in title.

8.      At all times material hereto, Defendants was/were the owner(s) and/or disponent owner(s) and/or charterer(s) and/or manager(s) and/or operator(s) of the Defendant Vessel and was/were engaged in the common and/or private carriage of merchandise by water for hire.

9.      Vessels owned, operated, managed, chartered, possessed, and/or controlled by Defendants have used the ports of the State of Delaware, discharged and loaded cargo therein, been supplied services and stores therein, and Defendants are subject to service of process under the applicable admiralty practice and the statutes of the State of Delaware.

10.     Prior to the commencement of this action, Plaintiffs became the owner for the value of the cargo in question and the covering bills of lading, and/or the successor in title to the rights and interest of the holder of the bills of lading and bring this action on behalf of, and for the interest of all parties who are or may become, interested in the cargo in question as their respective interests may ultimately appear.

11.     Plaintiffs seek recovery/relief for damage to cargo carried in ocean transportation from Agadir, Morocco, and/or other foreign ports, to ports and terminals in the Delaware. In each instance, the Plaintiffs for each claim are the shipper(s), consignee(s), and/or owners of the cargo, and/or  the insurer of the cargo and/or and in each instance, the Defendants are the parties that issued or ratified the bills of lading and/or are the carriers of the cargo referenced herein.

12.     Exhibits "A" and "B" of the Complaint describe the shipments for which claims are being made by Plaintiffs. The Exhibits are incorporated by reference as if fully set forth herein. Each Exhibit describes the identities of the subject cargo, a description of the cargo carried therein,  and the bill of lading number.

13.     All and singular, the matters alleged are true and correct.

14.    Plaintiffs reserve the right to amend and supplement this Complaint as further facts become available.

## COUNT ONE

15.    Plaintiffs  incorporate the averments contained in all preceding paragraphs, inclusive, with the same force and effect as if fully set forth herein.

16.    On or about January 10, 2020 at Agadir, Morocco, (hereinafter "place of loading")  there was shipped and delivered to the Defendant vessel, and the other Defendants, as common and/or private carriers, for delivery to the port of Wilmington, Delaware, a cargo of clementines in boxes, owned and/or shipped by Plaintiffs, then being in good order and condition, and Defendants then and there accepted said cargo so shipped and delivered to them, and in consideration of certain agreed freight charges, signed, executed and delivered to the shippers or consignees of said cargo certain bills of lading including but not limited to  the bills of lading described on the attached Exhibit "A", and included within the attached Exhibit "B," said bills of lading signed and delivered by Defendants, or by the Master of the vessel and/or his duly authorized agent, and Defendants agreed to transport and carry the said shipment to the destination stated therein and there deliver the same in like good order and condition as when shipped, delivered to and received by them, to the consignees named in the bill of lading.

17.    Thereafter, Defendants loaded the said merchandise on the vessels, which having on board said merchandise, sailed from the port(s) of loading but, upon delivery of the cargo to the consignees, the cargo was not in the same good order and condition as when delivered to Defendants and the vessels, but rather, the cargo was seriously impaired in value by reason of sustaining physical damage, including wetting, crushing and collapse, and/or shortage, inter alia.

18.    The loss of and damage to Plaintiffs' merchandise was not caused by any act or

omission of Plaintiffs or those for whom they may be responsible, but instead was caused by the

unseaworthiness of the vessel and the violation of Defendants' duties and obligations as common

carriers by water for hire, and/or private carriers by water for hire, and the breach of Defendants'

contracts of carriage and other contracts with Plaintiffs, including the bills of lading and/or any

charter parties or contracts of Affreightment that may have been in effect, Plaintiffs'

investigation in this regard continuing.

19.     By reason of the unseaworthiness of the vessel, and/or Defendants' breach of the

contracts of carriage and other agreements with Plaintiffs, and/or their failure to comply with

laws and regulations, contractual obligations, and/or custom, trade, practice, or prior experience

with Plaintiffs, or as has been established in the trade, and/or their failure to properly care for the

cargo, including maintaining the cargo in good and proper condition, maintaining the cargo at the

proper temperature and conditions of storage, failure to ensure the watertight integrity of the

vessel allowing the cargo to become wetted, and/or their failure to properly and timely deliver

the cargo at destination, in the same like good order and condition as when delivered to them,

Plaintiffs have sustained damages, and losses in an amount still to be determined but, upon

information and belief, believed to be in excess of  Two Million Dollars (USD$ 2,000,000.00),

plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should

their losses ultimately be in excess thereof.

20.     The applicable bills of lading and/or contracts of carriage are governed by the

general maritime law of the United States and/or the Carriage of Goods by Sea Act, Ch. 229, 49

Stat 1207 (1936), reprinted in note following 46 U.S.C. §30701, formerly 46 U.S.C. appx. §1300

et seq., and/or the Harter Act, and/or other applicable treaties, laws or conventions.

21.     By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

{00364129-1 }

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc. as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorneys' fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the matters herein.

(c)     If Defendants cannot be found within this District, then all of their property, credits and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants, be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the damages sustained.

(d)     Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for all damages and losses sustained, with interest, costs and attorney's fees.

(e)     The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

## **COUNT TWO**

22.     Plaintiffs incorporate the averments of all preceding paragraphs, inclusive, with

the same force and effect as if fully set forth herein.

23.     To the extent that any Defendant may be determined not to be a carrier of the cargo, the loss of and damage to Plaintiffs' merchandise was caused by the carelessness, negligence, breach of duty or breach of warranty, breach of their bailment obligations, and lack of due care of those Defendants.

24.     By reason of those Defendants' carelessness, negligence, breach of duty or breach of warranty, breach of bailment obligations, and lack of due care, Plaintiffs have sustained damages, and losses in an amount still to be determined but, upon information and belief, believed to be in excess of Two Million Dollars (USD$ 2,000,000.00),  plus interest, costs, and attorney's fees. Plaintiffs reserve the right to increase this amount should their losses ultimately be in excess thereof.

25.     By reason of the aforesaid, Plaintiffs have a maritime lien on the vessel.

WHEREFORE, Plaintiffs pray that:

(a)     Process of arrest in due form of law according to the practice of this Honorable Court in causes of admiralty and maritime claims may issue against the vessel, her engines, boilers, etc., as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure; that all persons having or claiming any interest therein be cited to appear and answer, under oath, all and singular, the matters herein; that judgment be entered in favor of Plaintiffs for the damages as aforesaid, with interest, costs and attorneys' fees; that the said vessel be condemned and sold and the proceeds of said sale be brought into this Court and applied to pay Plaintiffs the sums found due them.

(b)     Process in due form of law according to the practice of this Honorable Court may issue against Defendants citing them to appear and answer, under oath, all and singular the

matters herein.

(c)      If Defendants cannot be found within this District, then all of their property, credits, and/or effects in the possession of any person, partnership, or corporation, including any vessel owned or operated by said Defendants be attached as provided in the Supplemental Admiralty Rules of the Federal Rules of Civil Procedure in an amount double the amount of damages sustained.

(d)      Judgment be entered in favor of Plaintiffs and against Defendants, jointly or severally, for the damages as aforesaid, with interest, costs and attorneys' fees.

(e)      The Court grant such other and further relief to Plaintiffs as in law and justice they may be entitled to receive.

Reger Rizzo & Darnall LLP

By:    /s/ Arthur D. Kuhl
Arthur D. Kuhl (#3405)
1523 Concord Pike, Suite 200
Wilmington, DE 19803
(302) 477-7100
Fax: (302) 652-3620
Email: akuhl@regerlaw.com

OF COUNSEL
Mattioni, Ltd.

By:    /s/ Stephen J. Galati
Stephen J. Galati
Federal Reserve Bank Building
100 N. Independence Mall West, Suite 5A NW
Philadelphia, PA 19106
sgalati@mattioni.com
Tel:  215-629-1600
Fax.: 215-923-2227

Dated:  January 27, 2020

## **VERIFICATION BY WAY OF UNSWORN DECLARATION**

I am a member of the law firm of Mattioni, Ltd. counsel for the Plaintiffs, in this matter. Plaintiffs are business entities and there are no authorized officers of the Plaintiffs readily available in the District to make this verification; I am authorized to make this verification on behalf of Plaintiffs; the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, except as to matters therein stated upon information and belief, and as to these matters, I believe them to be true; the sources of my information and the grounds of my belief are documents in the possession of my firm and reports made to me by officers, employees, representatives and agents of Plaintiffs.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on: January 27, 2020

_____ */s/ Stephen J. Galati*_____